UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JOANNE M. HEINE,

                          Plaintiff,

     v.                                                **DECISION AND ORDER**
                                                                       05-CV-902S

JOANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,

                          Defendant.
_____

       1.       Plaintiff Joanne M. Heine challenges an Administrative Law Judge's ("ALJ") determination that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she became disabled on January 31, 2001, due to degenerative joint disease of the right knee, degenerative disc disease, depression and bi-polar disorder.[1] Plaintiff contends that her physical and mental impairments render her unable to work. She therefore asserts that she is entitled to payment of benefits under the Act.

       2.       Plaintiff filed her application for disability insurance benefits on March 5, 2004, with a protective date of February 17, 2004. Her application was denied initially. She then requested and received a hearing before an ALJ on May 9, 2005. The ALJ considered Plaintiff's case *de novo*, and on June 7, 2005, issued a decision denying Plaintiff's application for benefits. On October 19, 2005, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on December 28, 2005, challenging Defendant's final decision.[2]

---

[1] In this action, Plaintiff challenges only the ALJ's decision that her depression and bi-polar disorder do not render her disabled within the meaning of the Act.

[2] The ALJ's October 19, 2005 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

1

3. On June 14, 2006, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. After Plaintiff's counsel received numerous extensions of time, she finally filed opposition to Defendant's motion on January 26, 2007. This Court took the motion under advisement without oral argument. For the reasons stated below, Defendant's motion is denied and this case will be remanded to the Commissioner for further proceedings.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will be reversed only if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence

may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the

Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ made the following findings with regard to the five-step process set forth above: (1) Plaintiff has not engaged in substantial gainful activity since the alleged onset of her disability (R. at 17);[3] (2) Plaintiff's impairments qualified as "severe" within the meaning of the Act (R. at 17); (3) Plaintiff's impairments do not meet the criteria necessary for finding a disabling impairment under the regulations (R. at 17); (4) Plaintiff retained the residual functional capacity to perform a significant range of sedentary work (R. at 17-18); and (5) Plaintiff is unable to perform her past relevant work, but considering her residual functional capacity, age, education and work experience, she is capable of performing jobs that exist in the national economy and is therefore not disabled (R. at 18).

10. In opposition to Defendant's motion and as a challenge to the ALJ's decision, Plaintiff raises two points. First, she argues that the ALJ's finding that her depression and bipolar conditions do not meet or equal Listing 12.04[4] is not supported by substantial

---

[3] Citations to the underlying administrative record are designated as "R."

[4] 20 C.F.R. Pt. 404, Subpt. P, App. 1.

4

evidence in the record. Second, she argues that this case should be remanded for the ALJ to consider new evidence from Plaintiff's treating physician, Dr. Mark A. Varallo, M.D. (See Docket No. 11, Exhibit A.)

11.  This Court agrees with Plaintiff that the ALJ's finding relative to the Listing is not supported by substantial evidence in the record. The ALJ found that "the claimant's depression, while severe and limiting, does not cause the claimant marked limitations in any part "B" mental functioning criteria described in listing 12.04." (R. at 14.) In this Court's view, the findings underlying the ALJ's conclusion are not supported by substantial evidence in the record. For example, the ALJ stated the following:

> The claimant maintains a good relationship with her husband, performs her activities of daily living independently, is capable of following a routine and attending appointments, and has demonstrated normal attention and concentration skills during testing.

(R. at 14.)

This statement stands in direct conflict with Plaintiff's testimony at the hearing. On her relationship with her husband, Plaintiff testified that she is horrible to her husband, spits on him, has "nasty" fights with him, and they have discussed divorcing "a few times." (R. at 243, 253.) On whether she can perform daily living activities independently, Plaintiff testified that she cannot get out of bed, does not have any hobbies, cannot complete most housework, is afraid to drive a car for fear of suffering a "manic attack," does not see her family, does not attend church, and does not read because she cannot concentrate. (R. at 244, 245, 246, 247, 248.) Moreover, the ALJ's conclusion that Plaintiff has demonstrated normal attention and concentration skills "during testing" is not supported by the record because it does not appear as though any such testing took place. There

is no record citation to such testing, and this conclusion appears inconsistent with Plaintiff's testimony that she does not have the ability to concentrate even to read or understand what she is reading. (R. at 248.)

      12.     The ALJ further found that:

> The record reflects that the claimant lost significant weight and has remained socially active.

(R. at 15.)

While Plaintiff did in fact lose 110 pounds as the result of gastric bypass surgery (R. at 241), the ALJ's conclusion that Plaintiff is socially active is a misstatement of the testimony. But for a single trip to Florida to visit a friend, Plaintiff's testimony reveals that she is hardly social. She described herself as angry, vicious and nasty. (R. at 242.) She indicated that she has rage, is horrible to her husband, and is cruel to people she does not know. (R. at 243.) She "sits in a recliner all day," has no hobbies, does not attend church, and has contact only with her mother because the rest of her family cannot deal with her. (R. at 245, 247.) She also testified that she does not like to go out because she fears that people will point at her and talk about her. (R. at 248.)

      13.     The ALJ also found that:

> The claimant testified that she flew to Florida and went to crowded tourist attractions such as Disney World and Universal Studies [sic] without difficulty.

(R. at 15.)

The ALJ is correct that Plaintiff flew to Florida by herself to visit a friend. (R. at 252.) However, while Plaintiff testified that she went to Disney World and Universal Studios, she expressly stated that "there was no crowd" because it was "pouring rain." (R. at 252.) The ALJ did not ask Plaintiff whether she experienced any difficulty at either Disney World or Universal Studios.

6

14. The ALJ further found that:

> The claimant is able to live independently, attend appointments, maintain a good relationship with her spouse, and follow routine.

(R. at 15.)

Based on this Court's previous discussion above of the actual testimony from the hearing, it is not difficult to conclude that this statement is simply not grounded in the record.

15. The ALJ concluded by finding that "the claimant's depression with bipolar type symptoms *mildly* limit her ability to perform activities of daily living, [and] *moderately* limit her social functioning and ability to maintain, persistence, or pace." (R. at 15 (emphasis and alteration added).) In this Court's view, this finding understates the impact of Plaintiff's mental condition on her functional abilities and is deficient because it relies on a mischaracterization of the testimony upon which it is based. (R. at 15 (noting that finding is based in part on "the claimant's testimony and overall demeanor at the hearing").) It is therefore not supported by substantial evidence in the record.

16. Because the ALJ's finding that Plaintiff's limitations do not meet or equal those in Listing 12.04 is not supported by substantial evidence in the record, this Court will remand this case for further proceedings and a determination as to whether, viewing the testimony and evidence of record accurately, Plaintiff's limitations meet or equal the Listing. In doing so, the ALJ shall review and consider the additional evidence submitted to this Court from Dr. Mark A. Varallo, M.D., dated November 15, 2005, to determine whether it should be considered as relevant evidence in further support of Plaintiff's application for benefits.

17.	After carefully examining the administrative record, this Court finds cause to remand this case to the ALJ for further administrative proceedings consistent with this decision.  Defendant's Motion for Judgment on the Pleadings is therefore denied.


IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 3) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this Decision and Order.

FURTHER, that on remand, this case shall be assigned to a different ALJ to avoid any appearance of bias.

FURTHER, that the Clerk of the Court is directed to close this case.

SO ORDERED.


Dated:	March 7, 2007
	Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge